IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| 4 STAR GENERAL CONTRACTING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-00178 |
| SHUMARD CORPORATION, d/b/a ASSOCIATED FIBERGLASS ENTERPRISES, | ) ) ) ) |
| and | ) ) |
| ED RAU, | ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff 4 Star General Contracting, Inc. ("4 Star"), by and through undersigned counsel, for its Complaint against Shumard Corporation, d/b/a Associated Fiberglass Enterprises ("AFE"), and Ed Rau ("Mr. Rau"), states as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff 4 Star General Contracting, Inc., is an Oklahoma corporation with its principal place of business in Oklahoma.

2. Defendant Shumard Corporation, d/b/a Associated Fiberglass Enterprises, is a Texas corporation with its principal place of business in Texas.

3. Defendant Ed Rau is an individual who is a citizen of Texas.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because Plaintiff is completely diverse from Defendants and the amount in controversy in this case exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendant AFE because it is a Texas corporation doing business in Texas.

6. This Court has personal jurisdiction over Ed Rau because he is a citizen of Texas residing in Texas.

7. Venue is proper in this court because the acts and omissions that gave rise to this matter occurred in Tarrant County, Texas.

## FACTUAL ALLEGATIONS

8. 4 Star is a roofing company specializing in storm damage assessment and roof replacement/restoration.

9. AFE is a fiberglass recycling and manufacturing business in Fort Worth, Texas.

10. Mr. Rau is or was (at all times relevant to this matter) the general manager of AFE.

11. In November 2021, Dan Mizell ("Mr. Mizell") of 4 Star inspected AFE's roof at its location at 2411 & 2417 B Weaver Street, Haltom City, Texas 76117, following a storm.

12. Mr. Mizell determined that AFE's roof was damaged.

13. On or about November 18, 2021, 4 Star, by and through its authorized representative Mr. Mizell, and AFE, by and through Mr. Rau, executed a Service Agreement ("Agreement 1") for 4 Star to perform a damage assessment of AFE's roof and perform a roof repair/replacement.

14. When Mr. Rau executed Agreement 1, he crossed out the terms and conditions on the back of the document.

15. 4 Star informed Mr. Rau that AFE would need to sign a new contract without crossing out the terms and conditions.

16. On or about November 18, 2021, 4 Star, by and through Mr. Mizell, and AFE, by and through Mr. Rau, signed a second Service Agreement ("Agreement 2") with substantially the same terms as Agreement 1 but with nothing crossed out or otherwise altered by Defendants.

17. During November-December 2021, 4 Star worked on a repair estimate and obtaining insurance approval from Engle Martin and Associates for a total estimated repair of $289,979.99. Doing this work is part of the services that 4 Star provides to its customers who have signed a Service Agreement.

18. On or about December 17, 2021, 4 Star emailed AFE through Mr. Rau as follows:

> Hello AFE,
>
> We have received your signed contract and wanted to let you know that we will be in touch shortly to schedule your job!

> As this time, we will be organizing our crews, and ordering the specific materials that will be needed for your upcoming project. You can expect your materials to be arriving at your location either the day of, or the day before the job is started. . . .

19. On or about December 20, 2021, Mr. Rau replied to 4 Star as follows:

> Dan, told us we have been approved but we have not received anything from the insurance company. I would wait until everything is in order before ordering any material.

20. On or about January 4, 2022, Mr. Mizell texted Mr. Rau as follows: "Good morning Ed, Happy New Year, just wanted to touch base with you and confirm if you received the insurance check, we will be ready to start in the next couple of weeks, let me know so we can start scheduling, if not I will reach out to the adjuster, thanks"

21. On or about January 4, 2022, Mr. Rau texted Mr. Mizell as follows: "Dan we received the adjustment letter to sign and returned it to them."

22. On or about January 5, 2022, Mr. Mizell replied to Mr. Rau as follows: "Good morning Ed, I spoke with the adjuster yesterday, they are sending the check this week, I would think it should arrive end of this week first part of next week. We are forecasting to be able to start construction around Feb. 1st and are forecasting a 2-3 week build time, talk to you soon, thx."

23. 4 Star ordered material for the AFE job in excess of $100,000.00, including forty-six (46) skylights, membrane, and other materials.

24. On or about January 31, 2022, 4 Star attempted to deliver a dumpster to AFE's property preparatory to commencing work on AFE's roof. AFE refused delivery of the dumpster.

25. On or about February 1, 2022, Mr. Rau and Mr. Mizell met in person. Mr. Rau told Mr. Mizell that AFE was not bound by Agreement 2 and that it was void and of no effect because he claimed to have signed it as "Ed Void" instead of "Ed Rau".

26. From then on, AFE has refused to honor Agreement 2 in all respects.

27. Upon information and belief, AFE has collected the estimated repair amount of $289,979.99 from its insurance company but either did not replace its roof or had some other contractor replace its roof. AFE did not pay any amount to 4 Star.

28. Under the terms of Agreement 2, in the event AFE cancelled the contract "without legal excuse" it agreed to pay 4 Star 30% of the contract price of $289,979.99, namely $86,994.00.

## COUNT I – BREACH OF CONTRACT

29. 4 Star incorporates by reference the facts pleaded in paragraphs 1-28 herein.

30. AFE breached Agreement 2 by refusing to allow 4 Star to perform the work that AFE and 4 Star had contracted for 4 Star to perform.

31. AFE further breached Agreement 2 by refusing to pay 4 Star 30% of the contract price.

32. 4 Star incurred actual and consequential damages as a result of AFE's breach and is entitled to recover the same.

## COUNT II – FRAUD

33. 4 Star incorporates by reference the facts pleaded in paragraphs 1-32 herein.

34. AFE, acting by and through its agent, Mr. Rau, represented to 4 Star that Mr. Rau had signed Agreement 2.

35. As summarized in the foregoing paragraphs, Mr. Rau then engaged in a number of communications with 4 Star which lead 4 Star to believe it had an agreement with AFE to replace its roof.

36. 4 Star acted to its detriment in reliance on the representations of AFE and Mr. Rau by expending labor and resources to secure insurance coverage and prepare to replace AFE's roof.

37. After 4 Star expended labor and resources in reliance on the representations of AFE and Mr. Rau, AFE and Mr. Rau informed 4 Star that AFE regarded Agreement 2 as void and of no effect because Mr. Rau claimed to have signed it as "Ed Void".

38. 4 Star incurred actual and consequential damages as a result of AFE's and Mr. Rau's fraud and is entitled to recover the same.

39. The actions of AFE and Mr. Rau were sufficiently intentional, malicious, and/or reckless so as to entitle AFE to recover punitive damages.

## COUNT III – UNJUST ENRICHMENT

40. 4 Star incorporates by reference the facts pleaded in paragraphs 1-39 herein.

41. To the extent AFE kept its insurance proceeds rather than using them to fulfil its obligations under Agreement 2, it was unjustly enriched in the amount of said proceeds.

42. 4 Star is entitled to recover the insurance proceeds from AFE that, but for AFE's breach and/or repudiation of Agreement 2, would have gone to 4 Star.

## COUNT IV – FORECLOSURE OF LIEN

43. 4 Star incorporates by reference the facts pleaded in paragraphs 1-42 herein.

44. 4 Star procured specially fabricated materials in the form of custom skylights for improvements to AFE's property pursuant to Agreement 2 (the "Materials"), in the amount of $29,494.00.

45. As of the date of this filing, 4 Star has still not received compensation from AFE for the Materials.

46. On June 15, 2022, 4 Star filed a mechanic's lien in the Official Public Records of Tarrant County (the "Lien") and provided notice of the same to AFE pursuant to the requirements of Texas Property Code Chapter 53.

47. 4 Star is now entitled to foreclose upon the Lien under Texas Property Code § 53.154 in the amount of $29,494.00.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and award Plaintiff the following:

A. Plaintiff's actual and consequential damages;

B. Contractual damages in the amount of 30% of the contract price;

C. Punitive damages to the extent permitted by law;

D. Foreclosure of Plaintiff's lien;

E. Costs and attorney's fees to the extent permitted by law;

F. Pre- and post judgment interest to the extent permitted by law; and

G. Such other relief as this Court deems just and proper.

        Respectfully Submitted:

        STEPTOE & JOHNSON PLLC

        */s/ Michael A. Furlong*
        Michael A. Furlong
        OBA No. 31063
        101 North Robinson Avenue, Suite 500
        Oklahoma City, Oklahoma 73102
        (405) 850-5369
        Michael.Furlong@Steptoe-Johnson.com

        Melissa Dorman Matthews
        Texas Bar No. 00790603
        Dallas, Texas 75231
        500 N. Akard St., Suite 3200
        Dallas, Texas 75201
        (214) 251-8005
        Melissa.Matthews@Steptoe-Johnson.com
        **ATTORNEYS FOR 4 STAR GENERAL CONTRACTING, INC.**

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**